IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
October 5, 2000 Session

## STATE OF TENNESSEE v. TIMOTHY R. BOWLES

**Appeal from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 96-C-1534    Seth Norman, Judge**

---

**No. M1997-00092-SC-R11-CD - Filed July 31, 2001**

---

Timothy R. Bowles was convicted of aggravated rape, attempted rape, and robbery. The Court of Criminal Appeals affirmed the convictions for the sexual offenses, but because the trial court failed to instruct the jury on the lesser-included offense of theft, the intermediate court reversed the robbery conviction. We granted the State's application for review to determine whether the trial court's failure to instruct the jury on the offense of theft constituted reversible error. We granted Bowles's application for review to decide: (1) whether the evidence is sufficient to support the conviction for aggravated rape; and (2) whether the trial court erred in failing to submit the offense of sexual battery to the jury as a lesser-included offense of either aggravated rape or attempted rape. After thorough review and due consideration, we hold that the evidence is sufficient to support the aggravated rape conviction. We further hold that any error on the part of the trial court in failing to instruct the jury regarding the lesser-included offense of sexual battery was harmless. Regarding the robbery conviction, however, we hold that the trial court's failure to instruct the jury on the lesser-included offense of theft constitutes reversible error. Accordingly, the judgment of the Court of Criminal Appeals is affirmed.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the**
**Court of Criminal Appeals Affirmed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., FRANK F. DROWOTA, III, JANICE M. HOLDER and WILLIAM M. BARKER, JJ., joined.

Terry J. Canady, Madison, Tennessee, (on appeal) and Bill Lane, Nashville, Tennessee, (at trial) for the appellant, Timothy R. Bowles.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Kathy Morante, Deputy Attorney General, Victor S. Johnson, III, District Attorney General, and Mary Hausman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

I. Facts and Procedural History

In the late evening of March 23, 1996, Timothy R. Bowles, the defendant, broke into the home of Leland Cutlip. Entering his bedroom, Bowles flung back the bed covers, looked at Cutlip closely, then stated, "Oh, you're a man." Bowles left immediately.

A short time later, Bowles broke into the home of Edna Hampton, his aunt, whose residence was near the Cutlip residence. Pushing her into her bedroom, Bowles struggled with her. She fought back, screaming. Seemingly becoming aware of his actions, Bowles stated, "I've gone crazy, I've lost my mind, call the police." Bowles dialed the police emergency number and handed the telephone to his aunt. Then he left.

Bowles then broke into the home of Kathleen and Thomas Dobbs. Kathleen Dobbs, eighty years old at the time, heard Bowles kicking the front door and then the side door. He eventually moved to the back door and broke its glass. Kathleen Dobbs called the police emergency number, then walked into her husband's bedroom, stating, "they're coming in, we may be killed." Bowles entered the bedroom and slung her onto the floor of an adjoining bedroom, causing injuries to her head, arm, and hip. He pulled her undergarments off and attempted penile penetration. Bowles then went into the room where Thomas Dobbs was abed.[1] Sweeping his arm across the top of a chest of drawers, Bowles knocked off pictures, a clock, and the top of Thomas Dobbs's breathing machine. He picked up a pair of pants laying on the bed, removed a billfold, and left through the back door.

At trial, Bowles admitted breaking into each of these three homes in order to obtain money with which to buy drugs. He denied, however, any sexual conduct toward either of the two women.

At the close of trial, the court instructed the jury as to a number of offenses. As to the offenses concerning Hampton, the jury was instructed on the crimes of aggravated burglary, attempted rape, and the lesser-included offense of attempted aggravated sexual battery. As to Kathleen Dobbs, the jury was instructed regarding especially aggravated burglary and the lesser-included offense of aggravated burglary, aggravated rape, and the lesser-included offenses of rape and aggravated sexual battery. As to Thomas Dobbs, the jury was instructed on the crime of robbery. The jury convicted Bowles of the aggravated burglary of Hampton's residence, the attempted rape of Hampton, the especially aggravated burglary of Dobbs's residence, the aggravated rape of Kathleen Dobbs, and the robbery of Thomas Dobbs.

Bowles appealed. He contended that: (1) the evidence was insufficient to support a conviction for the aggravated rape of Dobbs, and (2) the trial court erred in not instructing the jury regarding the lesser-included offenses of sexual battery on the aggravated rape and attempted rape charges and theft on the burglary charge. The Court of Criminal Appeals affirmed the aggravated rape and attempted rape convictions but reversed the robbery conviction because the trial court erred in failing to instruct the jury regarding the lesser-included offense of theft. Both sides appealed that

---

[1]Thomas Dobbs suffered from severe emphysema and was unable to walk without assistance.

judgment. We granted the State's application for review to decide whether the trial court erred in failing to instruct the jury regarding the lesser-included offense of theft, and we granted Bowles's application to determine whether: (1) the evidence is sufficient to support the conviction for aggravated rape, and (2) the trial court erred, on either the aggravated rape or the attempted rape charges, in failing to instruct the jury regarding the lesser-included offense of sexual battery. We now hold that the evidence is sufficient to support the aggravated rape conviction and that any error in failing to instruct the jury on the lesser-included offense of sexual battery was harmless. We also hold, however, that the trial court committed reversible error in failing to instruct the jury on the lesser-included offense of theft.

## II. Analysis

### A. Sufficiency of the Evidence

Under Tenn. Code Ann. § 39-13-502, proof of an unlawful sexual penetration of a victim during which the defendant causes bodily injury to the victim establishes the crime of aggravated rape.[2] Bowles asserts that because Dobbs did not testify with certainty that there was some form of "penetration," the aggravated rape conviction is not supported by sufficient evidence.

The standard for reviewing the sufficiency of the evidence to support a conviction requires us to determine whether, "considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999), see also Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Furthermore, "[q]uestions about the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court does not reweigh or reevaluate the evidence." State v. Pierce, 23 S.W.3d 289, 293 (Tenn. 2000).

Sexual penetration is defined as any "intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's . . . body . . . ." Tenn. Code Ann. § 39-13-501(7) (1997). This Court has recognized that:

---

[2]Aggravated rape is defined by statute as follows:

(a) Aggravated rape is unlawful sexual penetration of a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances: (1) Force or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon; (2) The defendant causes bodily injury to the victim; (3) The defendant is aided or abetted by one (1) or more other persons; and (A) Force or coercion is used to accomplish the act; or (B) The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless.

Tenn. Code Ann. § 39-13-502(a).

> [t]here is . . . 'sexual penetration' in a legal sense if there is the slightest penetration of the sexual organ of the female by the sexual organ of the male. It is not necessary that the vagina be entered or that the hymen be ruptured; the entering of the vulva or labia is sufficient.

Hart v. State, 21 S.W.3d 901, 905 (Tenn. 2000)(citing Walker v. State, 197 Tenn. 452, 273 S.W.2d 707, 711 (Tenn.1954)); see also 3 Charles E. Torcia, Wharton's Criminal Law § 278 (15th ed. 1995) (noting that entry of the anterior of the female genital organ, known as the vulva or labia, is sufficient penetration for forcible rape or statutory rape; it is not necessary that the vagina itself be penetrated or that the hymen be ruptured.).

The jury, in finding Bowles guilty of aggravated rape, found that a sexual penetration had occurred. The occurrence of penetration, even though penetration is statutorily defined, is a question of fact. Thus, if the evidence is such that any rational trier of fact could have found penetration beyond a reasonable doubt, the evidence must be deemed sufficient.

In her testimony, Dobbs clearly described how Bowles pressed his penis against her vulva with his hand and was only prevented from full penetration by his failure to achieve an erection. The State introduced evidence of the location and structure of the vulva, which evidence, in conjunction with Dobbs' description of the assault, enabled the jury to determine whether the facts supported a finding that penetration had occurred. Although Dobbs's testimony was not entirely consistent regarding whether a penetration occurred, the jury obviously resolved the inconsistencies in the State's favor and concluded that Bowles's acts involved invasion of the genital opening. This Court will not re-weigh that determination. Pierce, 23 S.W.3d at 293. We conclude that there was sufficient evidence for the jury to conclude that the evidence supports a finding of penetration beyond a reasonable doubt.

## B. Lesser-included Offenses

In every criminal case, the trial court has a duty to instruct the jury on any lesser-included offense of the offense charged for which the evidence would support a conviction, whether or not the defendant has requested such an instruction.[3]  See State v. Burns, 6 S.W.3d 453, 463 (Tenn. 1999); State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999). The question whether a court has erred in ascertaining which lesser-included offense(s) should be submitted to the jury is a mixed question of law and fact, and therefore the standard for reviewing this issue is de novo with no presumption of correctness. See Burns, 6 S.W.3d at 461. In Burns, this Court established a three-part test for determining whether an offense is a lesser-included offense of a charged crime. Id. at 466-67. Under the Burns test, an offense qualifies as a lesser-included offense if:

---

[3] In State v. Burns, 6 S.W.3d 453 (Tenn. 1999); State v. Dominy, 6 S.W.3d 472 (Tenn.1999), and State v. Rush, ___ S.W.3d ___ (Tenn. 2001), this Court has fully discussed the constitutional, common, and statutory law regarding lesser-included offense instructions.

(a)     all of its statutory elements are included within the statutory elements of the offense charged; or

(b)     it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing (1) a different mental state indicating a lesser kind of culpability; and/or (2) a less serious harm or risk of harm to the same person, property or public interest; or

(c)     it consists of [facilitation, attempt, or solicitation] of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b) . . . .

Id.

Once it is resolved that an offense is a lesser-included offense of the charged offense, the Court then must determine "whether the evidence justifies a jury instruction on such lesser offense." Id. at 467. As stated in Burns, "[t]he mere existence of a lesser offense to a charged offense is not sufficient alone to warrant a charge on that offense." Id. at 468. The Burns Court delineated the following approach for deciding whether the evidence is sufficient to justify a jury instruction on a lesser-included offense:

> First, the trial court must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense. In making this determination, the trial court must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence. Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense.

Id. at 469. If the evidence would support a finding of guilt on the lesser offense, an error in failing to charge that lesser offense will not be negated merely because the evidence is also sufficient to convict on the greater offense, for the defendant need not demonstrate a basis for acquittal on the greater offense. See id. at 472.

1. Sexual battery as a Lesser-included Offense

Bowles asserts that the trial court erred when it denied a request that sexual battery be submitted to the jury as a lesser-included offense on the charges of the aggravated rape of Dobbs and the attempted rape of Hampton. This Court has not previously determined whether sexual battery is a lesser-included offense of aggravated rape or attempted rape under the analysis of Burns. Therefore, we now must compare the elements of these offenses pursuant to the Burns test.

### a. Aggravated Rape

The statutory elements[4] of aggravated rape are:

(1) An unlawful sexual penetration, defined in Tenn. Code Ann. § 39-13-501(7) (1997) as an "intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body";

(2) committed with intent, knowledge, or recklessness;[5] and

(3) accompanied by either:

    (a) force or coercion, while the defendant is armed with a weapon or any article which the victim reasonably believes to be a weapon;

    (b) bodily injury to the victim; or

    (c) aiding or abetting by other persons and either (i) force or coercion is used or (ii) the defendant has reason to know that the victim is "mentally defective, mentally incapacitated, or physically helpless."

See Tenn. Code Ann. § 39-13-502 (1997).

By comparison, the elements of sexual battery are as follows:

(1) An unlawful sexual contact, defined in Tenn. Code Ann. § 39-13-501(6) as:

> the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification;

---

[4] For the purposes of clarity and comparison, the elements of the aggravated rape and sexual battery statutes set forth below have been paraphrased.

[5] "The aggravated rape statute neither expressly requires nor plainly dispenses with the requirement for a culpable mental state. Consequently, 'intent, knowledge, or recklessness' suffices to establish the necessary culpable mental state." Crittendon v. State, 978 S.W.2d 929, 930 (Tenn. 1998).

      (2)     committed intentionally;[6] and

      (3)     accompanied by either:

          (a)    force or coercion;

          (b)    lack of consent by the victim, if "the defendant knows or has reason to know at the time of the contact that the victim did not consent";

          (c)    knowledge on the part of the defendant that the victim is "mentally defective, mentally incapacitated, or physically helpless"; or

          (d)    fraud used to accomplish the sexual contact.

See Tenn. Code Ann. § 39-13-505 (1997).

Thus, under part (a) of the Burns test, sexual battery is not a lesser-included offense of aggravated rape because the sexual contact element of sexual battery includes a requirement that the sexual contact be "for the purpose of sexual arousal or gratification," whereas no sexual arousal or gratification element is present in the aggravated rape statute. See State v. Carico, 968 S.W.2d 280, 286 (Tenn. 1998) (recognizing that "not all rapes are committed for the purpose of pleasure or excitement"); see also State v. Adams, 864 S.W.2d 31, 34-35 (Tenn. 1993). Likewise, sexual battery does not constitute a lesser-included offense of aggravated rape under part (c) of the Burns test because the elements of sexual battery do not constitute the facilitation, attempt, or solicitation of aggravated rape. Thus, if sexual battery is to be considered a lesser-included offense of aggravated rape, it would be under part (b) of the Burns test.

Under part (b) of the Burns analysis, an offense still may be a lesser-included offense even if it fails to satisfy part (a)'s test of inclusive statutory elements, if the only distinguishing aspects of the offense are elements requiring a lesser kind of culpability and/or a less serious harm. In assessing "culpability," we look to whether the statutory scheme treats the greater offense as a "more serious offense . . . [meriting] a more severe punishment," and we also consider the overall degree of blameworthiness associated with the compared offenses. See State v. Ely & State v. Bowers, ___ S.W.3d ___ (Tenn. 2001); Black's Law Dictionary 379 (6th ed. 1990). Here, in reviewing the count charging rape, the question is whether the culpability or harm inherent in an "intentional sexual touching for the purpose of sexual arousal" is less than that of an "intentional, knowing, or reckless sexual penetration." Cf. State v. Swindle, 30 S.W.3d 289, 293 (Tenn. 2000)(comparing the offenses of aggravated sexual battery and misdemeanor assault under part (b) of the Burns test). We conclude that the statutory scheme treats rape as a more serious, blameworthy offense than sexual battery and that an intentional, knowing, or reckless unlawful sexual penetration which causes bodily injury to the victim, whether done in the pursuit of sexual gratification or not, establishes a more culpable mental state and a more physically intrusive contact (and thereby more serious harm) to the victim

---

[6]Cf. Ruff v. State, 978 S.W.2d 95, 97 (Tenn. 1998) (relying on the statutory definition of "sexual contact" to establish that the required culpable mental state for aggravated sexual battery is intent).

than an intentional touching for the purpose of sexual arousal or gratification. Accordingly, under part (b) of the Burns analysis, sexual battery is a lesser-included offense of aggravated rape.

Having found that sexual battery is a lesser-included offense of aggravated rape, we normally would proceed next to determine whether the evidence adduced at trial was sufficient to justify an instruction pertaining to that offense. In this case, however, such an analysis is unnecessary because we find that, even assuming that the evidence would support a sexual battery instruction, any error on the part of the trial court was harmless beyond a reasonable doubt for the reasons that follow.

Recently, in the consolidated cases of Ely & Bowers, this Court re-examined the standard to be applied when assessing whether a trial court's failure to give lesser-included offense instructions was harmless error. ___ S.W.3d at ___. After thorough review of prior case law, we concluded that the defendant's right to lesser-included offense instructions is mandated not only by statute but also by the defendant's right to trial by jury as protected by Article I, section 6 of the Tennessee Constitution. Id. at ___. Accordingly, because a failure to give lesser-included offense instructions is of constitutional dimensions, it "is 'presumed' reversible; it *will* result in reversal unless the State convinces the reviewing court *beyond a reasonable doubt that the error did not affect the outcome of the trial*." Id. at ___ (citing State v. Harris, 989 S.W.2d 307, 315 (Tenn. 1999)).

In so holding, the Ely & Bowers Court looked to State v. Williams[7] as an example of a case in which a failure to give lesser-included offense instructions might be considered harmless beyond a reasonable doubt. Id. at ___. In Williams, the jury was given instructions regarding the charged offense of first degree murder and the lesser-included offenses of second degree murder and reckless homicide, and it convicted the defendant of first degree murder. 977 S.W.2d 101, 104 (Tenn. 1998). The defendant appealed, contending that the jury should have been given instructions regarding the lesser-included offense of voluntary manslaughter. Id. Though the Williams Court acknowledged voluntary manslaughter as a lesser-included offense of first degree murder, it concluded that the trial court's error in failing to instruct the jury regarding that offense was harmless. Id. at 104-07. The Court explained, "[B]y finding the defendant guilty of the highest offense to the exclusion of the immediately lesser offense, second degree murder, the jury necessarily rejected all other lesser offenses, including voluntary manslaughter." Id. at 106; but see Ely & Bowers, ___ S.W.3d at ___ (distinguishing Williams and declining, where "the jury . . . was given no option to convict of a lesser offense," to hold that a failure to give lesser-included offense instructions was harmless beyond a reasonable doubt).

_____

[7]977 S.W.2d 101 (Tenn. 1998). I dissented in Williams because I disagreed with the majority's characterization of the right to lesser-included offense instructions as "derive[d] primarily from statute." Id. at 108 (Birch, J., dissenting). At the time, I suggested that a failure to give a lesser-included offense instruction should never be treated as harmless error. Id. at 109 (Birch, J., dissenting). After the Court's recent re-evaluation of this issue in Ely & Bowers, I stand by my assertion in Williams that "a complete charge is an inherent part of the right to a jury trial," Id. at 108 (Birch, J., dissenting), but I am persuaded that an erroneous failure to give a lesser-included offense instruction may be subject to the stringent standards of constitutional harmless error analysis.

A similar analysis applies in the case under submission. On the aggravated rape charge, the jury was given the option of convicting Bowles not only of the charged offense but also of the lesser-included offenses of rape and aggravated sexual battery. Either of these lesser-included offenses would be considered more serious than sexual battery. By finding Bowles guilty of aggravated rape to the exclusion of either rape or aggravated sexual battery, the jury necessarily weighed the evidence and determined that aggravated rape was the most appropriate charge supported by the evidence. Even if the jury had been given the additional option of convicting Bowles of sexual battery, it seems highly improbable that it would have chosen to do so when it had declined to consider other, more serious lesser-included offenses. Under the circumstances, we find beyond a reasonable doubt that the result would have been the same even if the jury had received a sexual battery instruction; therefore, the trial court's failure to instruct the jury regarding sexual battery was harmless error.

### b. Attempted Rape

We turn next to the question whether sexual battery should have been instructed as a lesser-included offense of attempted rape. In order to prove attempted rape, the State must show that the defendant acted with intent to rape and that his conduct constituted a substantial step toward the commission of a rape.[8] The elements of rape are as follows:[9]

(1) unlawful sexual penetration;
(2) committed with intent, knowledge, or recklessness;[10] and
(3) accompanied by either:
    (a) force or coercion;

---

[8] In full, the criminal attempt statute provides as follows:

(a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:
(1) Intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be;
(2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or
(3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.
(b) Conduct does not constitute a substantial step under subdivision (a)(3) unless the person's entire course of action is corroborative of the intent to commit the offense.
(c) It is no defense to prosecution for criminal attempt that the offense attempted was actually committed.

Tenn. Code. Ann. § 39-12-101 (2000).

[9] The following statutory elements have been paraphrased for the purposes of clarity.

[10] Cf. Crittendon, 978 S.W.2d at 930 (establishing "intent, knowledge, or recklessness" as the necessary culpable mental state for aggravated rape).

> (b)  lack of consent;
>
> (c)  knowledge, or reason to know, on the part of the defendant that "the victim is mentally defective, mentally incapacitated or physically helpless"; or
>
> (d)  fraud in the accomplishment of the sexual penetration.

See Tenn. Code Ann. § 39-13-503 (1997).

Thus, sexual battery cannot be a lesser-included offense of attempted rape under part (a) of the Burns test because sexual battery requires proof that the sexual contact be for the purpose of sexual gratification, an element not required to prove attempted rape, and it also cannot be a lesser-included offense under part (c) of that test because sexual battery does not constitute the "facilitation, attempt, or solicitation" of attempted rape.

Unlike aggravated rape, however, attempted rape does not include the lesser-included offense of sexual battery under part (b) of the Burns test because the harm or risk of harm contemplated by sexual battery is not less serious than that contemplated by attempted rape. This is because an attempted rape does not necessarily involve any bodily contact at all,[11] whereas a sexual battery always will involve an unlawful sexual contact. Cf. State v. Rush, ___ S.W.3d ___ (Tenn. 2001) (holding that the harm contemplated by the offense of reckless aggravated assault is not less serious than the harm contemplated by the offense of attempted second degree murder because reckless aggravated assault always involves bodily injury to the victim, whereas attempted murder can be committed without injuring the victim and, indeed, without the victim's even being aware of the attempt). Thus, it was not error for the trial court to refuse to instruct the jury regarding sexual battery as a lesser-included offense to attempted rape.[12]

### 2.  Theft as a Lesser-included Offense

As to the offense of robbery, the trial court did not submit theft as a lesser-included offense to the jury. The Court of Criminal Appeals found that this was error, and reversed the conviction for robbery. The State appeals. It is uncontested that theft is a lesser-included offense of robbery. See State v. Fitz, 19 S.W.3d 213, 216 (Tenn. 2000). At issue is the second inquiry of the Burns

---

[11]We realize that, as a practical matter, the vast majority of attempted rape cases will involve bodily contact. Our focus, however, is strictly upon what the elements of each offense require and it is certainly conceivable, based on the statutory elements, that attempted rape could be proven in a case where no bodily contact had occurred.

[12]The parties have not raised, and we need not consider, whether attempted sexual battery would be a lesser-included offense of attempted rape. However, even were we to assume (without deciding) that attempted sexual battery would be a lesser-included offense, we would hold that the trial court's failure to give an attempted sexual battery instruction was harmless error because the jury considered and rejected the more serious lesser-included offense of attempted aggravated sexual battery. See Williams, 977 S.W.2d at 106 (discussed supra).

analysis, whether the evidence, viewed liberally in a light most favorable to a finding of the lesser-included offense, is such that reasonable minds could find the lesser-included offense, and whether the evidence is legally sufficient to support a conviction for the lesser-included offense. Burns, 6 S.W.3d at 469. In making this determination, this Court does not make any judgments on the credibility of the evidence that may support the finding of the lesser-included offense, nor is it necessary that the Court find that a basis exists for acquitting the defendant of the greater offense. See Burns, 6 S.W.3d at 468-69.

Theft is committed if, "with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103 (1997). Robbery is "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a) (1997). Thus, it is the use of "violence" or "fear" that elevates a theft to robbery. Violence is defined as "physical force unlawfully exercised so as to injure, damage or abuse." Fitz, 19 S.W.3d at 217. "The fear constituting an element of [robbery] is fear of present personal peril from violence offered or impending." Britt v. State, 26 Tenn. (7 Hum.) 45 (1846). It must be a fear of "bodily danger or impending peril to the person," id., which intimidates and promotes submission to the theft of the property. Either the existence of "violence" or "fear" will heighten the offense to a robbery. James v. State, 385 S.W.2d 86, 88 (Tenn. 1964).

Based on the testimony describing the violent acts which occurred in Thomas Dobbs's presence, including the admission of Bowles himself that he grabbed Kathleen Dobbs and threw her to the floor, we conclude that the evidence was sufficient to support Bowles's conviction for robbery. In proving robbery, however, the State also proved theft, for all of the elements of theft are included within the elements of robbery. Thus, evidence existed which would support an instruction on the lesser-included offense of theft. As established above, it is not necessary that Bowles demonstrate a rational basis for acquittal on the robbery charge before theft could be submitted to the jury as a lesser-included offense; he merely must demonstrate that evidence also exists which rational minds could accept as to the offense of theft. Because all of the elements of theft are supported by the evidence, it was error for the trial court not to instruct the jury regarding that offense. Moreover, while it is certainly possible that the jury would have convicted Bowles of robbery even if it had been given an instruction concerning theft, we cannot say that the State has demonstrated beyond a reasonable doubt that the result would not have been different had a theft instruction been given. This case is not like Williams, where the jury had an opportunity to consider an intermediate lesser-included offense but rejected it. See 977 S.W.2d at 106. As stated in Ely & Bowers, distinguishing Williams on circumstances similar to those of the case at bar:

> The error in failing to charge voluntary manslaughter [in Williams] was deemed harmless beyond a reasonable doubt because by rejecting the lesser offense of second-degree murder, the jury clearly demonstrated its disinclination to convict on any lesser offenses, including voluntary manslaughter.

-11-

> In contrast, the jury in this case was given no option to convict of a lesser offense . . . . Although the evidence clearly was sufficient to support a conviction for [lesser-included offenses], the decision to convict on those offenses was taken away from the jury. Under these circumstances, we cannot say the error was harmless beyond a reasonable doubt.

Ely & Bowers, ___ S.W.3d at ___. The logic of Ely & Bowers applies with equal force to the case at bar. Because the State has not met its burden of proving that the trial court's error was harmless beyond a reasonable doubt, Bowles must receive a new trial on the robbery conviction.

## III. Conclusion

For the foregoing reasons, we hold that the evidence was sufficient to support Bowles's conviction for aggravated rape, and we further hold that any failure on the part of the trial court to instruct the jury regarding the lesser-included offense of sexual battery was harmless error. We also hold, however, that the trial court erred in failing to instruct the jury regarding the lesser-included offense of theft, and that error was not harmless. The judgment of the Court of Criminal Appeals is, therefore, affirmed. It appearing that the defendant, Timothy R. Bowles, is indigent, costs of appeal are taxed to the State.

_____
ADOLPHO A. BIRCH, JR., JUSTICE