# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Remanded by Supreme Court October 29, 2001

## STATE OF TENNESSEE v. CORNELIUS MICHAEL HYDE

### Appeal from the Circuit Court for Blount County
### No. C-10230     D. Kelly Thomas, Jr., Judge

---

### No. E2001-02708-CCA-RM-CD
### January 15, 2002

---

The Defendant, Cornelius Michael Hyde, was convicted of aggravated child abuse of a child under seven years old[1] and appealed as of right on numerous grounds, including the trial court's failure to instruct the jury on the lesser-included offenses of aggravated assault and assault. Judge Welles held that the trial court's failure to so charge the jury was error, but harmless under State v. Williams, 977 S.W.2d 101, 105 (Tenn. 1998). Judge Wedemeyer concurred, finding the error harmless beyond a reasonable doubt; Judge Tipton dissented, finding that the State failed to carry its burden of demonstrating that the trial court's error in not instructing the jury on the lesser-included offenses was harmless beyond a reasonable doubt. See State v. Cornelius Michael Hyde, No. E2000-00042-CC-R3-CD, 2000 WL 1877490, at *11 (Tenn. Crim. App., Knoxville, Dec. 28, 2000). Our supreme court subsequently granted the Defendant's application to appeal this case for the purpose of remanding it to us for reconsideration in light of that court's opinions in State v. Honeycutt, 54 S.W.3d 762 (Tenn. 2001) and State v. Ely, 48 S.W.3d 710 (Tenn. 2001). We now conclude that the trial court's error in failing to instruct the jury on the lesser-included offense of reckless aggravated assault is reversible error, and therefore remand this case to the trial court for a new trial.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Eugene B. Dixon, Maryville, Tennessee, for the appellant, Cornelius Michael Hyde.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; Mike Flynn, District Attorney General; Kirk Andrews and Edward P. Bailey, Jr., Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION ON REMAND

---

[1] Aggravated child abuse of a child under seven years of age is a Class A felony. See Tenn. Code Ann. § 39-15-402(b). Aggravated child abuse of a child over six years old is a Class B felony. Id. The uncontroverted proof in this case was that the victim was less than seven years of age at the time he was abused.

We begin with a brief recitation of the relevant facts. The victim in this case, three year old Jacob Randall Duke, is the son of the Defendant's girlfriend, Angela Gates. The Defendant was stopped for a traffic violation, and the police officer noticed that Jacob was not properly restrained in the car. The officer also noticed that Jacob had a blood blister on his mouth and that he had bruises on his face and arms. Jacob and the Defendant were taken to the police station and Jacob was subsequently examined at an emergency room. The examining physician testified that Jacob had bruises all over his body. He further testified that, in his opinion, the injuries were not accidental and resulted from blunt trauma. He agreed that a belt could have caused many of the bruises and stated that the infliction of the injuries would have caused the child "severe pain." The examining physician found no broken bones, and explained that Jacob would not suffer any long-term physical effect from the bruises.

After being shown photographs of Jacob's injuries, the Defendant admitted to the police that he had "whipped" Jacob with a belt. At trial, the Defendant admitted that he had spanked Jacob with a belt on multiple occasions. He admitted that the last time he spanked Jacob, it was excessive. He denied, however, ever hitting Jacob in the head, face, groin, or arms. He admitted that he could have made some of the bruises on Jacob's body, but denied making all of them. He did not know how Jacob got all of the bruises and said he only hit Jacob two or three times when he spanked him.

On behalf of the Defendant, Dr. Larry Wolfe testified that he had reviewed the photographs taken of Jacob and Jacob's medical records and stated that the medical records showed no evidence that Jacob had suffered extreme physical pain when the bruises were inflicted.

**ANALYSIS**

Among other issues, the Defendant challenged the sufficiency of the evidence in support of his conviction of aggravated child abuse. Aggravated child abuse is committed when a person "knowingly, other than by accidental means, treats a child under eighteen (18) years of age in such a manner as to inflict injury," Tenn. Code Ann. § 39-15-401(a), and "[t]he act of abuse results in serious bodily injury to the child." Tenn. Code Ann. § 39-15-402(a)(1). The Defendant contended that the evidence was not sufficient to establish that Jacob suffered serious bodily injury. We held that "a rational jury could have found beyond a reasonable doubt that the Defendant caused injuries which resulted in Jacob experiencing extreme physical pain," and therefore concluded that the evidence was sufficient to support the jury's verdict.[2]

In its charge to the jury, the only lesser-included offense on which the trial court gave instructions was child abuse. Child abuse is committed when a person "knowingly, other than by accidental means, treats a child under eighteen (18) years of age in such a manner as to inflict injury." Tenn. Code Ann. § 39-15-401(a). The Defendant argued on appeal that aggravated assault

---

[2]"Serious bodily injury" is defined in part as "bodily injury which involves . . . [e]xtreme physical pain." Tenn. Code Ann. § 39-11-106(a)(34).

and assault are also lesser-included offenses of aggravated child abuse, and that the trial court therefore erred in failing to instruct the jury on these offenses.

A trial court is under the mandatory duty to instruct the jury on a lesser-included offense, even if such an instruction is not requested, when "any evidence exists that reasonable minds could accept as to the lesser-included offense" and when that evidence is "legally sufficient to support a conviction for the lesser-included offense." State v. Burns, 6 S.W.3d 453, 469 (Tenn. 1999); see also Tenn. Code Ann. § 40-18-110(a). In Burns, our supreme court adopted a new three-part test for determining whether an offense is a lesser-include offense. See Burns, 6 S.W.3d at 466-67. Under the new test, which was largely derived from the Model Penal Code, an offense is a lesser-included offense if:

> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
> > (1) a different mental state indicating a lesser kind of culpability; and/or
> > (2) a less serious harm or risk of harm to the same person, property or public interest; or
> (c) it consists of
> > (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
> > (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
> > (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

Id.

Aggravated assault is committed when a person intentionally, knowingly or recklessly causes serious bodily injury to another. See Tenn. Code Ann. § 39-13-102(a). Our supreme court has recently concluded that

> knowing or reckless aggravated assault qualifies as a lesser-included offense of aggravated child abuse under part (a) of the Burns test because the elements of aggravated assault are included within the offense of aggravated child abuse. In other words, the elements of aggravated child abuse consist of all the elements of knowing or reckless aggravated assault, plus the additional element that the victim must be a child under 18 years of age.

Honeycutt, 54 S.W.3d at 771 (footnote omitted). However, the court continued, "[i]ntentional aggravated assault . . . would not be a lesser-included offense of aggravated child abuse" under Burns. Id.

With respect to assault, that offense occurs when a person intentionally, knowingly, or recklessly causes bodily injury to another. See Tenn. Code Ann. § 39-13-101(a)(1). Thus, under the rationale of Honeycutt, knowing or reckless assault is a lesser-included offense of aggravated child abuse under part (a) of the Burns test, while intentional assault would not be a lesser-included offense.

Having concluded that knowing or reckless aggravated assault and knowing or reckless assault are lesser-included offenses of aggravated child abuse, we must now determine whether the trial court should have instructed the jury on those offenses. The test we must utilize to make this determination is (1) whether any evidence exists that reasonable minds could accept as to the lesser-included offense, and (2) whether the evidence is legally sufficient to support a conviction for the lesser-included offense. See Burns, 6 S.W.3d at 469. In examining first the offense of knowing aggravated assault, which requires that the accused knowingly caused serious bodily injury to another, see Tenn. Code Ann. § 39-13-102(a)(1)(A), there is no question but that the proof is sufficient to support the jury's conclusion that the Defendant knowingly injured the victim. The Defendant admitted to "whipping" Jacob with a belt and causing at least some of the child's injuries. As set forth above, the proof is also sufficient to support the jury's conclusion that the Defendant inflicted serious bodily injury on the victim. Thus, both prongs of the Burns test initially appear to be satisfied. However, because the victim's age is the only difference between aggravated child abuse and knowing aggravated assault, the only way the jury could have convicted the Defendant of knowing aggravated assault is if it believed the victim was not a child. Reasonable minds could not have reached that conclusion. Thus, we find that the trial court did not err in failing to instruct the jury on the lesser-included offense of knowing aggravated assault.

Aggravated assault by reckless conduct, however, presents a different situation. Reasonable minds could have determined that the Defendant acted recklessly, but not knowingly, when he injured the child.[3] Also, as set forth above, the evidence is sufficient to support a conclusion that the bodily injuries the Defendant inflicted on Jacob were serious. Thus, we conclude that the trial court erred by not instructing the jury on the offense of aggravated assault by reckless conduct, as set forth in Tennessee Code Annotated section 39-13-102(a)(2)(A).

We turn now to the lesser-included offenses of knowing and reckless assault, both of which require the infliction of bodily injury by the accused upon another person. See id. § 39-13-101(a)(1). The trial court instructed the jury on the lesser-included offense of child abuse, which requires a finding that the accused knowingly, other than by accidental means, treated a child under the age of eighteen in such a manner as to inflict injury. See id. § 39-15-401(a). Thus, the only difference

---

[3]Where the proof is sufficient to support a finding that the accused acted knowingly, it is also sufficient to support a finding that the accused acted recklessly. See Tenn. Code Ann. § 39-11-301(a)(2).

between child abuse and knowing assault is the age of the victim. As set forth above, reasonable minds could not have concluded that the victim was over eighteen years old. Accordingly, the trial court did not err by failing to charge the jury with the lesser-included offense of knowing assault. As we concluded with reckless aggravated assault, however, we hold that the trial court did err by not instructing the jury on the offense of reckless assault. As set forth above, reasonable minds could have concluded that the Defendant acted recklessly rather than knowingly when he struck Jacob with the belt. Moreover, whether Jacob suffered "serious bodily injury" or just "bodily injury" at the Defendant's hands was an issue hotly contested at trial, and we believe that reasonable minds could have accepted the evidence that Jacob suffered only bodily injury. Thus, the trial court should also have instructed the jury on the lesser-included offense of reckless assault.

Having determined that the trial court erred in failing to instruct the jury on the lesser-included offenses of reckless aggravated assault and reckless assault, we must now determine whether the trial court's error is harmless beyond a reasonable doubt. See Ely, 48 S.W.3d at 727 (holding that, "when determining whether an erroneous failure to instruct on a lesser-included offense requires reversal, . . . the proper inquiry for an appellate court is whether the error is harmless beyond a reasonable doubt.")

In his charge to the jury,[4] the trial judge instructed the jury on only two offenses: aggravated child abuse and child abuse. The offense of aggravated child abuse required the jury to find that the Defendant (1) knowingly, other than by accidental means, treated the victim in such a manner to inflict injury; (2) the act of abuse resulted in serious bodily injury to the victim; and (3) the victim was under seven[5] years of age. See Tenn. Code Ann. §§ 39-15-401(a), 39-15-402(a). The offense of child abuse differed only in that the abusive conduct caused injury, rather than serious bodily injury. See id. § 39-15-401(a). Thus, both offenses required a knowing state of mind.

As we have concluded, however, the proof would have supported a finding that the Defendant acted recklessly rather than knowingly when he "whipped" Jacob with the belt. Moreover, the proof would have supported a finding that the recklessly inflicted injuries were not "serious" as defined by our criminal code. See id. § 39-11-106(a)(34). However, although the jury was not given a choice as to whether the Defendant acted knowingly or recklessly, it was given a choice as to whether the injuries suffered by Jacob were serious. The jury determined that the injuries inflicted on Jacob were serious bodily injuries, and the proof supports this determination. Accordingly, it is apparent that, had the jury been given the additional choices of reckless aggravated assault and reckless assault, and had it determined that the Defendant's mens rea was reckless rather than knowing, the jury would have convicted the Defendant of reckless aggravated assault rather than reckless assault. Thus, we find that the trial court's error in failing to instruct the jury on the lesser-included offense of reckless assault was harmless beyond a reasonable doubt.

---

[4] The record does not contain a verbatim transcript of the trial court's charge to the jury. We must, therefore, base our findings on the copy of the typewritten charge included in the technical record.

[5] A finding that the victim is under seven years of age was necessary to convict the Defendant of Class A felony aggravated child abuse as opposed to Class B felony aggravated child abuse. See Tenn. Code Ann. § 39-15-402(b).

Aggravated assault by reckless conduct presents a different situation, however. Reasonable minds could have determined that the Defendant acted recklessly rather than knowingly when he struck the child. The jury, however, was not given the option of finding that the Defendant acted recklessly rather than knowingly. Given that the proof would support a conviction of aggravated assault by reckless conduct, and given that the jury was erroneously precluded from considering any lesser-included offense requiring a reckless mens rea, we cannot find that the trial court's error in this regard was harmless beyond a reasonable doubt. Cf. Ely, 48 S.W.3d at 727 (finding that, where the evidence was sufficient to support a conviction of second degree murder, reckless homicide, or criminally negligent homicide, but the jury was given no option to convict of a lesser offense than felony murder, the failure to instruct on the lesser-included offenses was not harmless beyond a reasonable doubt). See also State v. Bowles, 52 S.W.3d 69, 80 (Tenn. 2001) (finding that the trial court's error in failing to charge theft as a lesser-included offense of robbery was not harmless beyond a reasonable doubt where the jury had no opportunity to consider an intermediate lesser-included offense).

In light of the foregoing, we conclude that the Defendant's conviction of aggravated child abuse must be reversed and this matter remanded for a new trial. The trial court shall instruct the jury on all lesser-included offenses of aggravated child abuse which are supported by the proof adduced at the new trial.[6] In all other respects, the remainder of this Court's prior opinion in this matter remains unchanged and is incorporated by reference herein.

_____
DAVID H. WELLES, JUDGE

---

[6] Although not argued by the Defendant on this appeal, we must note that our supreme court also held in Honeycutt that misdemeanor reckless endangerment is also a lesser-included offense of aggravated child abuse. See id., 54 S.W.3d at 772. The elements of reckless endangerment are: (1) recklessly engaging in conduct, (2) which places or may place another person in imminent danger of: (a) death; or (b) serious bodily injury. Id.; see also Tenn. Code Ann. § 39-13-103(a).