IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Remanded by the Supreme Court July 9, 2001

## STATE OF TENNESSEE v. KHANH V. LE

**Appeal from the Criminal Court for Shelby County**
**No. 96-01118      W. Fred Axley, Judge**

---

**No. W1998-00637-CCA-R3-CD - Filed January 25, 2002**
**No. W2001-01615-CCA-RM-CD - Filed January 25, 2002**

---

On November 10, 1997, the appellant, Khanh V. Le, was convicted by a jury in the Shelby County Criminal Court of one count of first degree premeditated murder. The trial court sentenced the appellant to a term of life imprisonment in the Tennessee Department of Correction. The appellant filed an appeal, and this court affirmed the judgment of the trial court on March 9, 2000. Accordingly, the appellant filed an application for permission to appeal to our supreme court pursuant to Tenn. R. App. P. 11. The supreme court granted the appellant's application for the sole purpose of remanding the case to this court for reconsideration in light of the recent case of State v. Ely, 48 S.W.3d 710 (Tenn.), cert. denied, __ U.S. __, 122 S. Ct. 408 (2001). Upon reconsideration, we reverse the judgment of the trial court and remand this case for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court. DAVID H. WELLES and THOMAS T. WOODALL, JJ., filed concurring opinions.

A.C. Wharton, Jr., W. Mark Ward, and Robert W. Jones, Memphis, Tennessee, for the appellant, Khanh V. Le.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; John W. Pierotti, District Attorney General; Edgar A. Peterson, IV, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION ON REMAND

The facts underlying the appellant's conviction of first degree premeditated murder are set forth in detail in our original opinion, State v. Khanh V. Le, No. W1998-00637-CCA-R3-CD, 2000 WL 284425, at **1-3 (Tenn. Crim. App. at Jackson, March 9, 2000), and we need not repeat them here. Turning to the precise issue before this court, we are once again called upon to address the trial court's failure at the conclusion of the appellant's trial to instruct the jury on lesser-included

offenses of first degree premeditated murder. In these appellate proceedings, the appellant has specifically asserted that the trial court erred in denying his request that the jury be instructed on the offenses of second degree murder and voluntary manslaughter. Id. at *6.

In our original opinion, we applied the test set forth by our supreme court in State v. Burns, 6 S.W.3d 453, 466-467 (Tenn. 1999), for determining the existence of lesser-included offenses and preliminarily concluded that both second degree murder and voluntary manslaughter are in fact lesser-included offenses of first degree premeditated murder. Le, No. W1998-00637-CCA-R3-CD, 2000 WL 284425, at *8. Additionally, we applied the two-step analysis set forth in Burns, 6 S.W.3d at 469, for determining if the evidence adduced at trial warrants jury instructions on lesser-included offenses. Le, No. W1998-00637-CCA-R3-CD, 2000 WL 284425, at *8. In this regard, we concluded that the evidence did not warrant an instruction on voluntary manslaughter, but the trial court should have instructed the jury on second degree murder. Id. at **8-9. Notwithstanding our finding of error, we further held that,

> even though the trial court should have charged the jury concerning the lesser included offense of second degree murder, we cannot conclude that the trial court's error *affirmatively appears* to have affected the result of the trial on the merits. In other words, we cannot conclude that the jury *more probably than not* would have found the appellant guilty of second degree murder if the jury had been given that option. Therefore, we conclude . . . that the error is harmless and that reversal is not required.

Id. at *9.

In short, we utilized the harmless error analysis applicable when reviewing non-constitutional error. In so doing, we followed language in State v. Williams, 977 S.W.2d 101, 105 (Tenn. 1998), that appeared to suggest that the right to instructions on lesser-included offenses derived from statute, and a trial court's failure to provide such instructions was subject to harmless error analysis under Tenn. R. App. P. 36(b) and Tenn. R. Crim. P. 52(a). Subsequently, however, in State v. Ely, 48 S.W.3d 710, 726 (Tenn.), cert. denied, __ U.S. __, 122 S. Ct. 408 (2001), our supreme court clarified that a trial court's "erroneous failure to instruct on lesser-included offenses is a constitutional error for which the State bears the burden of proving its harmlessness beyond a reasonable doubt."

Reconsidering our finding of harmless error in light of Ely, we initially note our supreme court's prior observation that, generally speaking, "the line between harmless and prejudicial error is in direct proportion to the degree of the margin by which the proof exceeds the standard required to convict, beyond a reasonable doubt." Delk v. State, 590 S.W.2d 435, 442 (Tenn. 1979). However, we also note that, with respect to a trial court's failure to instruct a jury on lesser-included offenses, our supreme court has only found harmless error under the circumstances presented in Williams, 977 S.W.2d at 106, i.e., when the jury has been afforded an opportunity to consider the appellant's guilt of intermediate lesser-included offenses. See, e.g., State v. Bowles, 52 S.W.3d 69, 78 & 79 n.12 (Tenn. 2001); State v. Swindle, 30 S.W.3d 289, 293-294 (Tenn. 2000). Conversely and more significantly, when the jury has not been afforded this opportunity, our

supreme court has declined to find harmless error irrespective of the quantum of proof supporting the appellant's guilt of the greater offense. <u>See, e.g.</u>, <u>Bowles</u>, 52 S.W.3d at 79-80; <u>Ely</u>, 48 S.W.3d at 714-715 & 727. In sum, recent Tennessee Supreme Court precedent compels the conclusion that a failure to instruct a jury on lesser-included offenses will only be found harmless beyond a reasonable doubt under the circumstances presented in <u>Williams</u>, 977 S.W.2d at 106. Because the jury in this case was not afforded an opportunity to consider the appellant's guilt of intermediate lesser-included offenses, we cannot conclude beyond a reasonable doubt that the trial court's error was harmless. Accordingly, the judgment of the trial court is reversed and this case is remanded for a new trial.

_____
NORMA McGEE OGLE, JUDGE