IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Remanded by Supreme Court March 4, 2002

## STATE OF TENNESSEE v. STEVEN LEE WHITEHEAD

**Appeal from the Circuit Court for Madison County**
**No. 99-152     Roy B. Morgan, Jr., Judge**

---

### No. W2002-00484-CCA-RM-CD

---

The Defendant, Steven Lee Whitehead, was convicted by a jury of three counts of rape. The trial court subsequently sentenced the Defendant to ten years in the Department of Correction for each conviction, with the sentences running concurrently. On direct appeal by the Defendant, this Court reversed all three convictions due to the trial court's failure to instruct the jury on sexual battery as a lesser-included offense of rape. See State v. Steven Lee Whitehead, No. W2000-01062-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 732, at *68-69 (Jackson, Sept. 7, 2001). The State then filed an application for permission to appeal to our supreme court pursuant to Tennessee Rule of Appellate Procedure 11. The supreme court granted the State's application for the sole purpose of remanding the case to this Court for reconsideration in light of its recent opinion in State v. Allen, 69 S.W.3d 181 (Tenn. 2002). Upon reconsideration, we again reverse the Defendant's three convictions of rape and remand this matter for a new trial.

**On Remand from the Supreme Court; Judgment of the Trial Court Reversed; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., joined. NORMA MCGEE OGLE, J., filed a dissenting opinion.

Sam J. Watridge, Humboldt, Tennessee, for the appellant, Steven Lee Whitehead.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jody Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION ON REMAND

The facts underlying the Defendant's convictions of raping fifteen-year-old R.B.[1] are set forth in detail in our original opinion, State v. Steven Lee Whitehead, 2001 Tenn. Crim. App. LEXIS 732,

---

[1] It is this Court's policy to refer to minor victims of sex crimes by their initials.

at *2-14, and we incorporate that summary of the facts herein. Having reviewed our opinion in light of the Allen case, we conclude that the issue before us is whether the trial court's failure to instruct the jury on sexual battery as a lesser-included offense of rape constitutes harmless error beyond a reasonable doubt.

In our original opinion, our determination of error was predicated upon our conclusions that sexual battery is a lesser-included offense of rape pursuant to the test enunciated by our supreme court in State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999), and that the evidence adduced at trial in the Defendant's case warranted a jury instruction on sexual battery. See Whitehead, 2001 Tenn. Crim. App. LEXIS 732, at *66-68. Nothing in our supreme court's opinion in the Allen case contravenes our determination of error. However, we further concluded in Whitehead that there existed reasonable doubt concerning the effect of the error upon the outcome of the case "as the jury was not afforded an opportunity to consider an intermediate lesser-included offense." Id. at *68. In drawing this conclusion, we relied upon prior cases by our supreme court in which, under comparable circumstances, it seemingly declined to find the improper omission of a lesser-included offense instruction harmless irrespective of the quantum of proof supporting the defendant's guilt of the greater offense and irrespective of the defendant's theory of defense. Id. (citing State v. Bowles, 52 S.W.3d 69, 80 (Tenn. 2001); State v. Ely, 48 S.W.3d 710, 714-715, 724 & 727 (Tenn.), cert. denied __ U.S. __, 122 S.Ct. 408 (2001)). It is our interpretation of these cases that is inconsistent with Allen.

In Allen, our supreme court clarified that,
> [w]hen a lesser-included offense instruction is improperly omitted, . . . the harmless error inquiry is the same as for other constitutional errors: whether it appears beyond a reasonable doubt that the error did not affect the outcome of the trial. In making this determination, a reviewing court should conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury. A reviewing court may find the error harmless because the jury, by finding the defendant guilty of the highest offense to the exclusion of the immediately lesser offense, necessarily rejected all other lesser-included offenses. Harmless error is not limited, however, to such cases.

Allen, 69 S.W.3d at 191 (citations omitted) (emphasis added).

As we noted in our first opinion, rape and sexual battery differ in that rape requires sexual penetration whereas sexual battery requires sexual contact.[2] See Whitehead, 2001 Tenn. Crim. App. LEXIS 732, at *63-67. We acknowledge that R.B. testified unequivocally at trial that the Defendant's sexual assault upon her included three separate acts of sexual penetration. Her testimony in this regard was uncontradicted with the exception of the Defendant's statements to the police denying any sexual activity whatsoever between himself and R.B. However, the victim's allegations of penetration were not supported by any corroborating proof; the Defendant's sexual contact with her, on the other hand, was corroborated by testimony linking the semen on her underwear to the Defendant. Furthermore, Allen reminds us that "[t]he jury is not required to believe any evidence offered by the State." 69 S.W.3d at 189 (emphasis added). Allen further instructs that "the decision to convict on a lesser-included offense may [not] be taken away from the jury whenever proof supporting the element distinguishing the greater offense from the lesser offense is uncontroverted. As [was] stated in Burns, 'the jury, not the judge, performs the function of fact-finder.'" Id.

The trial court in this case gave the jury only two choices: find the Defendant guilty of rape or find him guilty of nothing. Thus, the jury was given no opportunity to determine that the Defendant was guilty of sexual battery rather than rape. "Omitting an instruction on a lesser-included offense denies the jury the option of rejecting a greater offense in favor of a lesser offense. The omission precludes the jury from finding that the element distinguishing the greater offense from the lesser offense was not proven beyond a reasonable doubt and that the defendant is therefore guilty of the lesser offense." Id., 69 S.W.3d at 189-90. Here, the jury was not given the opportunity to determine that R.B.'s testimony established beyond a reasonable doubt that the Defendant had sexual contact with her, but did not establish beyond a reasonable doubt that he sexually penetrated her. Such a determination rests upon R.B.'s credibility, and findings of credibility are quintessential findings of fact entrusted to the jury. Had the jury been instructed on the lesser-included offense of sexual battery, and had the jury convicted the Defendant of sexual battery rather than rape, this Court would certainly uphold the jury's verdict against a challenge to the sufficiency of the evidence, because the evidence adduced at trial was sufficient for a rational jury to conclude that the Defendant committed sexual battery rather than rape.

"An erroneous failure to give a lesser-included offense instruction will result in reversal unless a reviewing court concludes beyond a reasonable doubt that the error did not affect the

---

[2]"Sexual penetration" is defined in our criminal code as meaning "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required." Tenn. Code Ann. § 39-13-501(7). "Sexual contact," on the other hand, is defined as including "the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Id. § 39-13-501(6).

outcome of the trial." Id., 69 S.W.3d at 189.[3] This Court simply cannot conclude, beyond a reasonable doubt, that a jury would not have convicted the Defendant of sexual battery instead of rape, had it been given the opportunity to do so. We must, therefore, find that the trial court's error in failing to instruct the jury on the lesser-included offense of sexual battery was not harmless beyond a reasonable doubt, and that the Defendant's convictions must therefore be reversed.

The Defendant's three convictions of rape are reversed and this matter is remanded for a new trial.

_____
DAVID H. WELLES, JUDGE

---

[3]The difficulty with this approach stems from the apparent inconsistency between the Burns test for determining whether a lesser-included offense instruction is required, and the Allen test for determining whether the omission to give a required instruction is reversible error. Burns requires a lesser-included offense instruction when evidence exists that reasonable minds could accept as to the lesser offense, and that evidence is sufficient to support a conviction. Allen holds that the error in failing to give a required instruction is harmless so long as the reviewing court concludes beyond a reasonable doubt that no reasonable minds would have convicted of the lesser in spite of sufficient evidence upon which to do so. However, if reasonable minds could have legally convicted the accused of the lesser offense, then it is difficult to conclude that none of the reasonable minds on the jury would have.