IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 17, 2001

## STATE OF TENNESSEE v. RUSSELL MAZE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-B-1308     Steve Dozier, Judge**

_____

**No. M2000-02249-CCA-R3-CD - Filed August 16, 2002**

_____

A Davidson County grand jury indicted the defendant on one count of class A felony aggravated child abuse. A trial jury subsequently convicted him as charged. For this conviction the trial court sentenced him as a violent offender to serve twenty-one years. He next unsuccessfully pursued a motion for a judgment of acquittal or in the alternative a new trial. Through this appeal the defendant continues to assert that the trial court erred in not properly instructing the jury on lesser-included offenses and by admitting contested medical testimony. While the second contention merits no relief, we must reverse the conviction and remand the matter based upon error in instructing lesser-included offenses.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Terry J. Canady, Madison, Tennessee, for the appellant, Russell Maze.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe; Victor S. Johnson, District Attorney General; and Katy Novak Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual Background

Because the defendant does not challenge the sufficiency of the evidence, we will only briefly summarize the facts involving the offense. On May 3, 1999, the defendant's wife left home to run an errand after the defendant arrived home from work. This resulted in the defendant's being home alone with his five-week-old son. Approximately an hour after the defendant's wife left, the defendant called 911 reporting that his son had stopped breathing. Subsequent testing revealed that

the child had head and abdominal bruising; conjunctival and retinal hemorrhaging;[1] and a fractured clavicle.[2] More significantly, the victim had also suffered severe, irreparable brain damage. At trial a doctor specializing in evaluating child abuse injuries stated that the defendant's son was a victim of battered child syndrome. This witness further indicated that the victim's eye and head injuries resulted from shaken-baby syndrome or possibly shaken-impact syndrome. She explained that shaking done in an attempt to resuscitate would not cause the victim's injuries. The State also presented testimony from the child neurologist who had continued evaluating the victim. This individual concurred that the victim suffered from shaken-impact syndrome.[3] Both of these doctors testified that the shaking must have occurred almost immediately before the victim's collapse. According to the defendant this collapse occurred just prior to the defendant's calling 911. As aforementioned and by the defendant's own admission, he had been the only person with the victim during that time. Furthermore, though in speaking with the police the defendant initially denied multiple times that he had shaken the victim, the defendant ultimately acknowledged that he had shaken the victim in an attempt to revive him. However, the defendant denied shaking the victim hard enough to cause the injuries inflicted.

At the close of the proof, the trial judge asked if either party wished "to be heard on any lesser-included offenses." When neither responded, the trial judge stated that he did not "see that there would be any lesser-included offenses charged" based upon the proof, caselaw, and statute. In reaching this decision, he acknowledged that under State v. Burns, 6 S.W.3d 453 (Tenn. 1999), there might "be a lesser-included based on . . . a lesser mental state." However, he believed that this Court considered assault crimes and child-abuse crimes mutually exclusive. With this perceived conflict, the trial judge went on to explain what he considered to be the more important issue to resolving this matter. He asserted that the proof set out "an all-or-nothing type case." As such, he only instructed the jury on the offense of aggravated child abuse. After a period of deliberation, the jury returned the aforementioned verdict convicting the defendant of class A felony aggravated child abuse.

## Failure to Properly Charge Lesser-Included Offenses

Through his first issue the defendant asserts that the trial court erred in not charging as lesser-included offenses aggravated assault, assault, and child abuse. The analysis of this matter involves a multi-step process as set out by the Tennessee Supreme Court in the aforementioned State v. Burns, 6 S.W.3d 453 (Tenn. 1999).

---

[1] One of the doctors explained that conjunctival hemorrhaging involves bleeding on the white of the eye while retinal hemorrhaging involves bleeding "in the back of the eye near the nerves."

[2] The clavicle is more commonly referred to as the collarbone.

[3] The child neurologist provided additional detail concerning the victim's present condition and future prognosis over the objection of the defense. This testimony forms the basis of the defendant's second issue and will be described with more specificity within our discussion of that issue.

A. Standard of Review

Initially, we must determine whether the offenses qualify as lesser-included offenses. According to Burns, an offense meets this requirement

> if: (a) all of its statutory elements are included within the statutory elements of the offense charged; or
>
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing (1) a different mental state indicating a lesser kind of culpability; and/or (2) a less serious harm or risk of harm to the same person, property or public interest; or
>
> (c) it consists of [facilitation of, attempt to commit, or solicitation to commit] the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

Id. at 466-67.

However, even if an offense meets one of the above qualifications, the Burns Court made it clear that "[t]he mere existence of a lesser offense to a charged offense is not sufficient alone to warrant a charge on that offense." Id. at 468. Our next inquiry is, therefore, "whether the evidence justifies a jury instruction on such lesser offense." Id. at 467. To resolve this matter, the supreme court provided:

> First the . . . court must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense. In making this determination, the . . . court must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence. Second, the . . . court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense.

State v. Bowles, 52 S.W.3d 69, 75 (Tenn. 2001) (quoting Burns, 6 S.W.3d at 469). The court added that

> [i]f the evidence would support a finding of guilt on the lesser offense, an error in failing to charge that lesser offense will not be negated merely because the evidence is also sufficient to convict on the greater offense, for the defendant need not demonstrate a basis for acquittal on the greater offense.

Bowles, 52 S.W.3d at 75; see also Burns, 6 S.W.3d at 472.

Finally, if an offense qualifies as a lesser-included offense and meets the above evidentiary test, error of constitutional dimension occurred in failing to provide the instruction. See, e.g., State v. Allen, 69 S.W.3d 181, 190-91 (Tenn. 2001). This situation would mandate reversal unless the

"reviewing court concludes beyond a reasonable doubt that the error did not affect the outcome of the trial." See, e.g., id. at 189.

### B. Asserted Offenses[4] Meeting the *Burns* test as Lesser-Included Offenses
### of Aggravated Child Abuse

Turning to the instant case, we note that

> (a) A person commits the offense of aggravated child abuse or aggravated child neglect who commits the offense of child abuse or neglect as defined in § 39-15-401 and:
> (1) The act of abuse or neglect results in serious bodily injury to the child; or
> (2) A deadly weapon is used to accomplish the act of abuse.
> (b) A violation of this section is a Class B felony; provided, that, if the abused or neglected child is six (6) years of age or less, the penalty is a Class A felony.

Tenn. Code Ann. § 39-15-402(a), (b). The above-mentioned Tennessee Code Annotated section 39-15-401 provides that child abuse involves a person "knowingly, other than by accidental means, treat[ing] a child under eighteen (18) years of age in such a manner as to inflict injury or neglect[ing] such a child so as to adversely affect the child's health and welfare." Tenn. Code Ann. § 39-15-401(a). In comparison, Tennessee Code Annotated section 39-13-102 states that

> (a) A person commits aggravated assault who:
> (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:
> (A) Causes serious bodily injury to another; or
> (B) Uses or displays a deadly weapon; or
> (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:
> (A) Causes serious bodily injury to another; or
> (B) Uses or displays a deadly weapon.

Tenn. Code Ann. § 39-13-102(a)(1), (2). Furthermore, Tennessee Code Annotated section 39-13-101, in pertinent part, provides that "[a] person commits assault who . . . [i]ntentionally, knowingly or recklessly causes bodily injury to another." Tenn. Code Ann. § 39-13-101(a)(1).

---

[4] We have limited our analysis in this opinion to those alleged lesser-included offenses asserted by the defendant. However, we note that our appellate courts have held that additional offenses including but not limited to misdemeanor reckless endangerment and attempted aggravated child abuse also qualify as lesser-included offenses to aggravated child abuse. See State v. Honeycutt, 54 S.W.3d 762, 771-72 (Tenn. 2001); State v. Anderson Toliver, No. E2001-00584-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 953, at *85 (Tenn. Crim. App. at Knoxville, Dec. 18, 2001.)

With this background we turn to State v. Honeycutt, 54 S.W.3d 762 (Tenn. 2001),[5] which speaks specifically to whether aggravated assault is a lesser-included offense of aggravated child abuse. Id. at 771. In Honeycutt, our supreme court held that "knowing or reckless aggravated assault qualifies as a lesser-included offense of aggravated child abuse under part (a) of the Burns test because the elements of [knowing or reckless[6]] aggravated assault are included within the offense of aggravated child abuse." Id. at 771. However, the court went on to state that intentional aggravated assault is not a lesser-included offense. Id. The court observed that the elements do not satisfy part (a) of Burns. Id. The court then explained that part (b)(1) is also not met since the intentional mens rea indicates a higher mental state than that of aggravated child abuse and, therefore, does not involve "a lesser kind of culpability."[7] Id.

We have previously provided the definition of assault as occurring when a person "intentionally, knowingly, or recklessly causes bodily injury to another." Tenn. Code Ann. § 39-13-101(a)(1). Though the Honeycutt Court did not speak to this issue, under the court's rationale therein, knowing assault and reckless assault would also be considered lesser-included offenses "of aggravated child abuse under part (a) of Burns" while intentional assault would not be under any provision of Burns. See State v. Cornelius Michael Hyde, No. E2001-02708-CCA-RM-CD, 2002 Tenn. Crim. App. LEXIS 37, at *8 (Tenn. Crim. App. at Knoxville, Jan. 15, 2002).

Finally, we agree that child abuse, defined in Tennessee Code Annotated section 39-15-401, is a lesser-included offense of aggravated child abuse. This is also true under part (a) of Burns as is evident by the language of Tennessee Code Annotated section 39-15-402(a) above-provided: To convict an individual of aggravated child abuse, this subsection requires the State to prove the elements of child abuse plus serious bodily injury or the use of a deadly weapon. See Tenn. Code Ann. § 39-15-402(a)(1), (2).

## C. Lesser-Included Offenses Supported by the Requisite Proof

Since we have found that knowing and reckless aggravated assault, knowing and reckless assault, and child abuse are lesser-included offenses of the charged offense, we must now determine whether the proof supported giving these instructions in the instant case. We acknowledge that defense counsel did not request any of the aforementioned instructions at trial; however, well-established precedent provides that "a trial court must instruct the jury on all lesser-included offenses

---

[5] Honeycutt was decided after the defendant's trial was completed. See Honeycutt, 54 S.W.3d at 762.

[6] Within its discussion of this matter, the supreme court noted that Tennessee Code Annotated section 39-11-301(a)(2) states: "When recklessness suffices to establish an element, that element is also established if a person acts intentionally or knowingly." See Honeycutt, 54 S.W.3d at 771 n.12.

[7] While the Honeycutt Court did not specifically address part (b)(2) of the test, it's holding reflects that this portion of the Burns test was not met with respect to intentional aggravated assault. Honeycutt, 54 S.W.3d at 771. Furthermore, this offense clearly does not meet part (c) of Burns since the offense does not involve facilitation, attempt, or solicitation.

if the evidence introduced at trial is legally sufficient to support a conviction for the lesser offense."[8] Burns, 6 S.W.3d at 464 (quoting State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999)).

Therefore, we turn to the above-described analysis concerning (1) "whether any evidence exists that reasonable minds could accept as to the lesser-included offense[s]" when viewing the proof "liberally in the light most favorable to the existence of the lesser-included offense[s] without making any" credibility judgments and (2) whether the proof, "viewed in this light, is legally sufficient to support a conviction for the lesser-included offense[s]." Bowles, 52 S.W.3d at 75; Burns 6 S.W.3d at 469. As previously noted, each of the five aforementioned crimes found to be appropriate lesser-included offenses of aggravated child abuse fell under part (a) of Burns. That is to say that "all of [their] statutory elements are included within the statutory elements of the offense charged." Burns, 6 S.W.3d at 466. In State v. Allen, our Supreme Court provided:

> As a general rule, evidence sufficient to warrant an instruction on the greater offense also will support an instruction on a lesser offense under part (a) of the Burns test. In proving the greater offense the State necessarily has proven the lesser offense because all of the statutory elements of the lesser offense are included in the greater.

Allen, 69 S.W.3d at 188. Additionally, the supreme court stated: "The trial court must provide an instruction on a lesser-included offense supported by the evidence even if such instruction is not consistent with the theory of the State or of the defense. The evidence, not the theories of the parties, controls whether an instruction is required." Id. at 187-88. In view of this precedent, we conclude that the trial court erred by not instructing the jury on knowing and reckless aggravated assault, knowing and reckless assault, and child abuse.

## D. Harmless Error Analysis

As noted previously, a trial court's failure to properly instruct lesser-included offenses will not always result in a reversal of a defendant's conviction if "it appears beyond a reasonable doubt that the error did not affect the outcome of the trial." See, e.g., id. at 191. To determine whether the error is, in fact, harmless beyond a reasonable doubt, the supreme court instructs that "a reviewing court should conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." Id.

The supreme court has observed that one of the means by which the State may prove harmless error in this regard is by showing that a jury found a "defendant guilty of the highest offense to the exclusion of the immediately lesser offense, [thereby] necessarily rejecting all other lesser-included offenses." Id. Since the trial court in the present case did not charge any lesser-included offense, this rationale is obviously inapplicable here.

---

[8] This trial was conducted before Tennessee Code Annotated section 40-18-110 dealing with the charging of lesser included offenses went into effect; thus, it has no impact on this appeal. See Tenn. Code Ann. § 40-18-110 (notation after statute referring to amendment).

It should be noted at this point that this Court is well aware that in <u>State v. Ducker</u>, 27 S.W.3d 889, 896-97 (Tenn. 2000), our state supreme court held that in child abuse prosecutions under Tennessee Code Annotated Sections 39-15-401– 402, the *mens rea* of "knowing" refers only to the "treatment" of a child, and that the State need not prove that the defendant knew his conduct would result in bodily or serious bodily injury. However, section 39-15-401(a) provides that the "treatment" of a child must be done "in such a manner as to inflict injury." As noted in <u>Ducker</u>, ". . . the statute requires that the act of treating a child in an abusive manner . . . must be knowing conduct." <u>Id</u>. We are of the opinion that <u>Ducker</u> did not dispense with the requirement that the defendant must "know" that his treatment of the child is abusive, even if it need not be proven that he "know" that his conduct will result in bodily injury or serious bodily injury.

In this case the defendant testified that his admitted shaking of the victim was not in a manner that would cause the injuries actually sustained by the victim. This is essentially saying that his conduct was not abusive or "in such a manner as to inflict injury." Under these circumstances we cannot say beyond a reasonable doubt that if given an opportunity, a jury would not have found the defendant's conduct to be merely reckless. In view of this finding, the defendant's conviction must be reversed and the case remanded. We, therefore, need not conduct harmless error analysis regarding any of the remaining erroneously omitted charges.


## Admission of Contested Medical Testimony

In his remaining issue the defendant asserts that the trial court erred in admitting the child neurologist's testimony concerning the victim's present condition and future prognosis. According to the defendant this information should have been excluded under Tennessee Rule of Evidence 403 because of the danger of unfair prejudice and/or the unnecessary presentation of cumulative evidence.

This rule provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Tenn. R. Evid. 403. In addition, our supreme court has stated that unfair prejudice is "[a]n undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." <u>State v. DuBose</u>, 953 S.W.2d 649, 654 (Tenn. 1997) (quoting <u>State v. Banks</u>, 564 S.W.2d 947, 951 (Tenn.1978)).

However, the determination of whether evidence should be excluded for one of the reasons set forth in Rule 403 addresses itself to the trial court's sound discretion. <u>State v. Hill</u>, 885 S.W.2d 357, 361 (Tenn. Crim. App. 1994). To decide "these issues, the trial court must consider, among other things, the questions of fact that the jury will have to consider in determining the accused's guilt as well as other evidence that has been introduced during the course of the trial." <u>State v. Williamson</u>, 919 S.W.2d 69, 78 (Tenn. Crim. App. 1995). If in exercising its discretion, a trial court "finds that evidence is relevant within the meaning of Rule 401, and the accused is not entitled to have the evidence excluded for one of the grounds set forth in Rule 403, this Court will not interfere with the exercise of this discretion unless it appears on the face of the record that the trial court

clearly abused its discretion." Id. at 79.

Prior to the trial court's admitting the contested testimony in the instant case, the court heard argument from both parties concerning the defendant's motion to exclude the proof under Rule 403. During the course of this exchange, the defense ultimately stated its willingness to stipulate that the victim had sustained serious bodily injury. However, the trial court replied that the State would not have to agree to the stipulation and that the defendant's concern over the contested testimony's inflaming the jury would be addressed by a jury instruction regarding emotion.[9] Furthermore, the court observed that the definition of serious bodily injury includes "protracted loss or substantial impairment of a function of a bodily member, organ, or mental faculty." Finally, the court found that the danger of unfair prejudice did not substantially outweigh the probative value of the proof and denied the defendant's motion.

Thereafter, Dr. Mark Thomas Jennings, the aforementioned child neurologist, testified to the devastating injuries suffered by the victim because of the shaking. Jennings related that though the victim was nine months old at the time of trial, the baby was the size of an average three-month-old child. The witness also indicated that the victim's head circumference equaled that of an average two-to-three-week-old infant, and Jennings added that the victim's skull was no longer growing. Furthermore, the doctor stated that the victim suffered from severe cerebral palsy; was blind; and remained "in a profound vegetative state." In addition, Jennings affirmed that the victim would never recover from his injuries.

As above-noted, the State bore the burden of proving serious bodily injury beyond a reasonable doubt. The trial court correctly observed that one manner in which serious bodily injury can be shown involves proof that the victim sustained "[p]rotracted loss or substantial impairment of a function of a bodily member, organ or mental faculty." Tenn. Code Ann. § 39-11-106(a)(34)(E). After reviewing the contested evidence, we find it highly probative regarding this element. While proof of this nature is doubtless somewhat disturbing, we do not find that danger of unfair prejudice substantially outweighed the probative value of this testimony. Furthermore, though the defendant correctly observes that the record contains other evidence related to this element, Jennings' medical specialty differed from that of the other witnesses, and he had followed the victim's case more recently. With this in mind and considering the substance of the contested proof, we do not find his testimony needlessly cumulative. Since we conclude that the trial court did not abuse its discretion in admitting this proof, this issue merits no relief.

## Conclusion

Though we determine that the defendant's second issue lacks merit, his contention regarding lesser-included offenses is meritorious and dispositive of this appeal for the reasons above-stated. Accordingly, the judgment of the trial court is REVERSED, and the case is REMANDED for a new trial.

---

[9] The record indicates that the trial court did instruct the jurors that they were not to have "prejudice, or sympathy, or allow anything but the law and the evidence to have any influence upon their verdict."

_____
JERRY L. SMITH, JUDGE