# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
August 1, 2006 Session

## CARL ANTHONY WATSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-00179    Joseph B. Dailey, Judge**

_____

**No. W2005-02324-CCA-R3-PC  - Filed April 20, 2007**

_____

The Petitioner, Carl Anthony Watson, was convicted of rape, and the trial court sentenced him to ten years.  This Court affirmed the conviction and sentence on appeal.  The Petitioner subsequently filed a petition for post-conviction relief, which the post-conviction court dismissed after a hearing.  On appeal, the Petitioner contends that he was denied the effective assistance of counsel at his original trial, and that the post-conviction court erred in failing to grant a continuance of the evidentiary hearing.  We affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DAVID G. HAYES, J., joined.

Lance R. Chism, Memphis, Tennessee, for the Appellant, Carl Watson.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; Greg Gilbert and Amy Weirich, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

This Court summarized the facts on direct appeal as follows:

> The victim, S.W., testified she awoke from a nap to find she was partially unclothed, and that the Defendant, her mother's live-in boyfriend, was on top of her having sex.  She stated his penis was in her vagina and "clear stuff" came out.  According to the victim, she told the Defendant "to get up off of [her]."  She testified the Defendant said he was putting covers over her and told her not to tell her mother.  She indicated he was not wearing the back brace that he often wore.

The victim stated the offense occurred on Friday, August 26, 1998. She said she reported it to her mother on Saturday night during an argument with the Defendant. She testified the Defendant threw a fan at her and then struck her face with his hand after her mother confronted him regarding the allegations. The victim said the offense was reported to the police on Sunday. The victim also testified that later that day, the Defendant apologized for "touching on" her.

The victim's mother, Cozette Wells, recounted that the Defendant and victim argued on a Saturday night, and in the course of the argument, the victim said the Defendant had been "touching" her. Ms. Wells testified that after she questioned the Defendant regarding the victim's allegations, the Defendant "smacked" the victim and hit her in the face with a fan. Ms. Wells testified she called the police, and they arrested the Defendant on Sunday. She stated the victim told her the rape occurred on Monday, August 24th, and that she gave this information to the police. Ms. Wells indicated the victim was mentally retarded and was in a "resource" class at school. She also stated the Defendant's back brace did not hinder him from having sex or engaging in other physical activities.

Police Officer Delbert Polk testified that on August 30, 1998, he went to the family's home in response to a reported assault. Officer Polk said the Defendant indicated he could not have raped the victim because he was wearing a back brace. Officer Polk also said the Defendant described the victim as "slow" and said she was "lying."

Nurse Sandra Anderson testified she examined the victim at the Memphis Sexual Assault Center and noticed a tear in the victim's hymen. She was unable to conclude that the tear necessarily resulted from sexual activity.

At trial, the Defendant denied having sex with the victim. According to the Defendant, at the time of the offense, he wore a back brace due to fractured pelvic bones and his injuries prevented him from engaging in sexual intercourse. He stated the victim accused him of "touching on" her after he slapped her for striking her brother. He denied throwing a fan at the victim; he said he held a fan up in self-defense because the victim had a knife. He testified the police were called the following day, and he was arrested. He said he told the police he was not alone with the victim on Monday, August 24th, the date initially identified by the victim as the date of the offense.

The Defendant's sister testified Cozette Wells said she thought the victim lied about her accusations. The Defendant's mother testified Ms. Wells and the victim had a reputation for untruthfulness.

2

The jury convicted the Defendant of rape. Although the Defendant was also charged with rape of a child and aggravated sexual battery stemming from an alleged separate incident, the jury acquitted the Defendant of those charges.

State v. Carl Watson, No. W2002-01679-CCA-R3-CD, 2003 WL 22272354, at *1-2 (Tenn. Crim. App., at Jackson, Sept. 30, 2003) (footnotes omitted), *perm. app. denied* (Tenn. Mar. 8, 2004).

The Petitioner filed a pro se petition for post-conviction relief, which was later amended by appointed counsel. In his petition he alleged, in part, that he received ineffective assistance of counsel because his trial counsel ("Counsel") failed to request a jury instruction on sexual battery.[1] At a hearing on January 21, 2005, the Petitioner's post-conviction counsel made a request that he be allowed to examine the victim's medical records. This request was denied by the post-conviction court, citing this Court's opinion on direct appeal insofar as the issue had been previously determined. Additionally, post-conviction counsel asked for permission to have an expert examine a video of the victim's medical examination after the incident, which the trial court allowed. The hearing on the post-conviction petition was scheduled for March 18, 2005.

On March 18, 2005, post-conviction counsel again raised the issue of the video of the examination of the victim. In his discussion with the post-conviction court, post-conviction counsel explained that the Petitioner's trial counsel obtained this video but did not have it reviewed by an expert. Further, post-conviction counsel stated he had obtained an expert who was willing to view the video, but was not yet able to have the analysis performed. However, post-conviction counsel did not ask for a continuance, and in his words he "concedes that he did not file a written motion for a continuance and did not explicitly ask for a continuance."

The following evidence was presented at the hearing on the Petitioner's petition for post-conviction relief: The Petitioner stated he had met with Counsel four or five times in three years. He told Counsel that he knew that the victim had some sort of prior sexual activity. he said the victim's mother, Cozette Wells, made statements to him, including, "didn't I tell you I was going to get you," indicating she was framing him.

On cross-examination, the Petitioner stated that, even though the issue was disposed of by a motion in limine, he held Counsel responsible for not raising the issue of the victim's prior sexual activity.

Counsel testified that on the day of trial the State brought to his attention the video of the victim's medical examination. Counsel moved for a continuance, which was denied by the trial

---

[1]The remainder of the Petitioner's claims were that Counsel: 1) failed to request a speedy trial; 2) failed to pursue the issue of severance of offenses; 3) failed to seek admission of proof of prior sexual activity by the victim at trial; and 4) failed to seek admission of a videotape from the Memphis Sexual Assault Resource Center.

court. The trial court stated that Counsel could raise the issue in his motion for a new trial if the Petitioner was convicted. After the conviction, Counsel did not obtain an expert to review the video because there was not enough time, but he did include the issue in his motion for a new trial.

Concerning the jury instructions, Counsel testified that the jury was instructed on the crimes of rape and misdemeanor assault. Counsel did not recall whether he asked for a jury instruction on sexual battery as a lesser included offense of rape. Counsel was questioned on his recollection of State v. Burns, 6 S.W.3d 453 (Tenn. 1991), and he stated that, although he could not remember the specifics of Burns at that particular moment, he was sure that at the time of the trial he was familiar with the Burns holding. Counsel stated that he did not want the jury instructed on sexual battery because it was inconsistent with the defense's theory that the Petitioner did not touch the victim at all. Counsel stated that to argue for a jury instruction on sexual battery, which would still have required some touching, would have seemed incompatible with his defense theory.

Based upon this evidence, the post-conviction court dismissed the Petitioner's petition for post-conviction relief, and the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the post-conviction court erred when it dismissed his petition because Counsel failed to request a jury instruction on sexual battery as a lesser included offense of rape. Additionally, the Petitioner complains that the post-conviction court erred in not granting a continuance that would have provided the Petitioner with the opportunity to have an expert view the video of the victim's medical examination.

### A. Continuance

The decision of whether to grant a continuance is one within the sound discretion of the trial court, which will not be overturned absent a clear showing of abuse of discretion which resulted in prejudice to the defendant. State v. Melson, 638 S.W.2d 342, 359 (Tenn. 1982); State v. Russell, 10 S.W.3d 270, 275 (Tenn. Crim. App. 1999). "In order to establish an abuse of discretion, the complaining party must make a clear showing of prejudice as a result of the continuance being denied." Russell, 10 S.W.3d at 275 (citing State v. Teel, 793 S.W.2d 236, 245 (Tenn. 1990)).

In summary, the history of the video of the victim's medical examination is as follows: on the first day of trial, the State notified the Petitioner's trial counsel that a video had been made of the victim's medical examination. Counsel asked for a continuance in order to have the

4

video examined by an expert. The trial court denied the motion for a continuance stating that Counsel could raise the issue in a motion for a new trial if the Petitioner was convicted. After the conviction, Counsel stated he did not have enough time to have the video examined, but he included the denial of a continuance in his motion for a new trial. At the post-conviction stage, post-conviction counsel asked the court for permission to have the video examined by an expert in order to identify whether there was exculpatory evidence which Counsel would have found, had he been effective. This request took place on January 21, 2005. At the post-conviction hearing on March 18, 2005, post-conviction counsel explained to the court that he had retained an expert who was willing to view the video. Apparently construing post-conviction counsel's statement as a request for a continuance, the court stated that it would not reset the matter, in large part because the video was not introduced at trial and the issue had already been addressed by this Court on direct appeal.

For the Petitioner to show prejudice resulted from the decision of the post-conviction court to deny a continuance, he must prove that some damage to his claim resulted from that decision. See Black's Law Dictionary 1218 (8th ed. 2004) (defining prejudice). We conclude the Petitioner has not shown that any prejudice resulted from his counsel on post-conviction not being able to introduce evidence of the medical examination video. This video appears to have never been examined by anyone retained on behalf of the Petitioner. We cannot hypothesize what the video would have contained. See Black v. State, 794 S.W.2d 752, 757-58 (Tenn. Crim. App. 1990). Thus, it is impossible to conclude that the Petitioner was prejudiced in any way by not being able to introduce evidence of this video. The trial court did not abuse its discretion in denying a continuance. This issue is without merit.

## B. Ineffective Assistance of Counsel

The Petitioner has claimed his trial counsel was ineffective due to his failure to request a jury instruction on a lesser included offense. The Petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S .W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, Section 9, of the Tennessee Constitution. State v. White, 114 S.W.3d 469, 475 (Tenn. 2003); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461.

5

The Tennessee Supreme Court has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to a de novo review. Id.

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. House v. State, 44 S.W.3d 508, 515 (Tenn. 2001); Thomas Brandon Booker v. State, No. W2003-00961-CCA-R3-PC, 2004 WL 587644, at *4 (Tenn. Crim. App., at Jackson, Mar. 24, 2004), *no perm. app. filed*. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. House, 44 S.W.3d at 515. A reviewing court is not required to address both prongs if the Petitioner fails to make a showing on one. Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

The evidence in this case indicates that Counsel's strategy at trial was to present a defense that the Petitioner did not touch the victim at all. Counsel testified that to argue to the jury that the Petitioner should instead be convicted of sexual battery would have been inconsistent and disingenuous. In essence, Counsel was pursuing an "all or nothing" strategy.

6

The Petitioner now claims this was an unreasonable decision which resulted in prejudice to the Petitioner. We determine it is unnecessary to address the "prejudice" prong of the Strickland test because Counsel was not unreasonable in taking an "all or nothing" stance.

Initially, we note that sexual battery is a lesser included offense of rape. State v. Bowles, 52 S.W.3d 69, 77 (Tenn. 2001) (analyzing State v. Burns, 6 S.W.3d 453 (Tenn. 1999)). At the original trial, the trial court incorrectly stated, sua sponte, sexual battery was not a lesser included offense of rape "[b]ecause sexual battery requires sexual arousal or gratification, which is not an element of rape." This analysis was not in response to any request for a sexual battery jury instruction by either the State or the defense. This issue was not raised on direct appeal. See Carl Watson, 2003 WL 22272354, at *1.[2]

The Petitioner asserts that, in light of State v. Allen, 69 S.W.3d 181 (Tenn. 2002), Counsel's performance was deficient because he failed to request a lesser included instruction. In Allen, the defense requested a jury charge of facilitation, but it was not given by the trial court. Id. at 187-88. The Court stated, "[t]he trial court must provide an instruction on a lesser included offense supported by the evidence even if such instruction is not consistent with the theory of the State or the defense." Id. at 187-88. However, this statement indicates precisely why Counsel was not deficient: it is the trial court's responsibility to provide the instruction. Here, Counsel, and apparently the State, merely remained silent on the lesser included jury instructions. It would be illogical to conclude Counsel was deficient because he did not demand that something occur which, in his strategic opinion, would be detrimental to the defense of his client. This is especially true when Counsel was under no obligation to make the demand. See Tenn. Code Ann. § 40-18-110 (b)-(c) (2003) ("In the absence of a written request . . . the trial judge may charge . . . ;" "[W]hen the defendant fails to request the instruction of a lesser included offense as required by this section, such instruction is waived."); see also State v. Page, 184 S.W.3d 223, 230 (Tenn. 2006) (upholding constitutionality of Tenn. Code Ann. § 40-18-110(c) thereby implying there is no affirmative duty on the part of defense counsel to demand strategically unfavorable jury instructions) .

The Petitioner is arguing that Counsel was under an obligation to argue for the lesser include offense. We disagree. Under Allen, it is the responsibility of the trial court to examine the evidence and give the instructions. The defense may pursue an "all or nothing" defense as a legitimate trial strategy. In our view, the pursuit of such a strategy in this case would not include requesting a jury instruction on sexual battery. Accordingly, Counsel was not unreasonable or "not acting as counsel." Counsel's performance was not deficient. This claim is without merit.

---

[2]On Direct Appeal, the Petitioner raised the following claims: the evidence was insufficient to support his conviction; 2) the State's bill of particulars was inadequate; 3) the trial court erred in failing to grant him a continuance or a mistrial due to the State's failure to comply with discovery; 4) the trial court erred in excluding evidence of the victim's alleged gang affiliation and initiation as a possible source of her hymenal tear; and 5) the trial court erred in not recusing itself following an ex parte communication with jurors after trial.

### III.  Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the post-conviction court's judgment dismissing the Petitioner's petition for post-conviction relief.

_____
ROBERT W. WEDEMEYER, JUDGE

8