IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2009

**STATE OF TENNESSEE v. DARRELL JOHNSON**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-05702    Chris Craft, Judge**

**No. W2008-01725-CCA-R3-CD  - Filed June 3, 2009**

The defendant, Darrell Johnson, was convicted by a Shelby County Criminal Court jury of aggravated robbery, a Class B felony, and sentenced to thirty years as a career offender. On appeal, the defendant argues that the trial court erred in sentencing him as a career offender. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Harry E. Sayle, III, Memphis, Tennessee (on appeal); and Dianne Thackery, Assistant Shelby County Public Defender (at trial), for the appellant, Darrell Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Melissa Roberge, Assistant Attorney General; William L. Gibbons, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

**FACTS**

Marilyn Waller and Melanie Myles were working at a Mapco gas station on Broad Street in Memphis on December 6, 2005, when the defendant and the co-defendant entered the store. The women noticed the two men look suspiciously toward the register counter where the women were standing and then walk to the back of the store to the beer case. The men picked up several large bags of chips and cases of beer and started to walk toward the front door.

Ms. Myles noticed that the defendant and the co-defendant "look[ed] kind of suspicious," so she stood by the front door and asked them, "[W]here are y'all going with that[?]" The defendant showed Ms. Myles his gun and "turned it up towards [her]." Ms. Myles became scared upon seeing

the gun, so she let the men leave. After they left, Ms. Myles started screaming, "He had a gun, he had a gun," and observed the men getting into a black Chevrolet truck that was "backed in, kind of catty-corner" at the front of the store. Ms. Myles got the license plate number of the truck and relayed it to Ms. Waller who was on the phone with the police.

Officer Matthew Jordan with the Memphis Police Department testified that he received a call from the dispatcher that a robbery was in progress at the Mapco gas station. He noted that the description of the suspect vehicle matched a stolen vehicle report he had taken the day before. As Officer Jordan proceeded toward the Mapco station, a fellow officer warned him that a train was passing through. Officer Jordan stopped and waited for the suspect vehicle, knowing it would have to "double back around." The black truck drove by, and Officer Jordan activated his emergency equipment and followed in pursuit. The black truck eventually stopped in a grassy field near the interstate, and the defendant and another man exited the truck and started running but were quickly apprehended.

Officer James Howell with the Memphis Police Department interviewed the defendant and found him to be intelligent and not under the influence. During the interview, the defendant gave a statement in which he admitted robbing the Mapco store and showing the store clerk his BB gun.

Following the conclusion of the proof, the jury convicted the defendant of aggravated robbery, and the trial court sentenced him to thirty years as a career offender. The defendant appealed.

## ANALYSIS

The defendant argues that he should have been sentenced as a Range II, rather than a career, offender because four of his six prior robbery convictions were committed within the same twenty-four-hour period and therefore should have been considered a single conviction for purposes of determining his offender status. He argues that the statutory exception to the twenty-four-hour rule for offenses involving "bodily injury," "threatened bodily injury," "serious bodily injury," or "threatened serious bodily injury" does not apply to robbery convictions. The State argues that the twenty-four-hour rule does not apply to the defendant's classification because "the offense of robbery includes the threat of serious[] bodily injury."

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). However, the presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v.

Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210; State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001) (citing Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986)). The appealing party bears the burden of showing the sentence is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

A career offender is a defendant who has six or more Class A, B, or C prior felony convictions, if the defendant's current conviction offense is a Class A, B, or C felony. Tenn. Code Ann. § 40-35-108(a)(1). As previously mentioned, aggravated robbery is a Class B felony. In determining the number of prior convictions for the purpose of offender status, "[e]xcept for convictions for which the statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury, or threatened bodily injury to the victim or victims, convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction[.]" Id. § 40-35-108(b)(4). This is often referred to as the twenty-four-hour merger or consolidation rule. If the trial court finds a defendant is a career offender beyond a reasonable doubt, the defendant "shall receive the maximum sentence within the applicable Range III." Id. § 40-35-108(c). Either party may appeal the finding that the defendant is or is not a career offender. Id. § 40-35-108(d).

Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Id. § 39-13-401(a). In finding that the defendant's prior robbery convictions counted as separate convictions in determining his offender status and were not consolidated by the twenty-four-hour rule, the trial court stated that "the statutory element of 'fear' contained in the robbery statute under which the defendant was convicted suffices to show threatened bodily injury." The court relied on State v. Taylor, 771 S.W.2d 387, 398 (Tenn. 1989), in which our supreme court held that the "fear constituting an element of robbery is a fear of bodily injury and of present personal peril from violence offered or impending." The trial court also pointed to State v. Bowles, 52 S.W.3d 69 (Tenn. 2001), in which our supreme court noted that "'[t]he fear constituting an element of [robbery] is fear of personal peril from violence offered or impending.' It must be a fear of 'bodily danger or impending peril to the person,' which intimidates and promotes submission to the theft of the property." Id. at 80 (internal citations omitted).

The defendant contends that Taylor and Bowles are distinguishable, because those cases addressed issues other than the specific one at bar. Namely, he points out that Taylor discussed robbery in the context of an aggravating circumstance in a capital murder sentencing, and Bowles discussed robbery in the context of a trial court's failure to give a lesser-included offense instruction

on theft. We are not persuaded. Regardless of the context in which it was discussed, our supreme court has clearly said that fear constituting an element of robbery is fear of bodily injury.

It is the defendant's view that the legislature would have included the element of "bodily injury," "threatened bodily injury," "serious bodily injury," or "threatened serious bodily injury" in its definition of robbery had it intended robbery to be included in the exception to the twenty-four-hour merger rule. We see this view untenable because, as noted by the State, such view would exclude, for example, first degree murder, second degree murder, voluntary manslaughter, criminally negligent homicide, reckless homicide, rape, and rape of a child as those offenses do not contain the precise statutory language regarding "bodily injury." See Tenn. Code Ann. §§ 39-13-202, -210, -211, -212, -215, -503, -522.

Moreover, the statutory provisions defining multiple offenders, id. § 40-35-106, and persistent offenders, id. § 40-35-107, contain the identical language regarding the twenty-four-hour merger rule as in the provision defining career offenders. After the multiple offender statute, the Sentencing Commission, in its comments, provided two examples to clarify when the exception to the merger rule would apply. One example of this is that "if a defendant is convicted of two homicides, even though the homicides occurred at the same moment, such would constitute separate convictions for a subsequent violation of the law." Id. § 40-35-106, Sentencing Commission Cmts. Likewise, "if the defendant was convicted of robbing several people in the same store, such would constitute separate convictions for enhancement purposes for a new violation of the law." Id. The Commission explained that separating the convictions "is in accord with the policy of giving greater 'weight' to crimes of violence." Id. Thus, it is apparent that the Sentencing Commission considered robbery an offense for which the "statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury, or threatened bodily injury to the victim or victims."

We conclude that the trial court properly sentenced the defendant as a career offender. The defendant does not dispute that he has six prior Class C felony robbery convictions. Although four of the robberies occurred on the same day, as discussed above, those robberies are not consolidated by the twenty-four-hour rule, but instead count as separate convictions for purposes of establishing his offender range. See State v. Iwanda Anita Buchanan, No. M2007-02870-CCA-R3-CD, 2008 WL 4467185, at *5 (Tenn. Crim. App. Oct. 6, 2008) (concluding that trial court properly counted robbery and aggravated assault convictions arising from the same transaction as separate convictions for purposes of determining offender status. This court noted that "[b]oth robbery and aggravated assault contain elements that the defendant cause or threaten to cause bodily injury.").

## CONCLUSION

Based on the aforementioned authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE